KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT SCOTT FIORENZA, an individual, on behalf of himself and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>ATLANTIC RECOVERY SOLUTIONS, LLC, a New York LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, VINCENT SCOTT FIORENZA (hereinafter referred to as "PLAINTIFF"), on behalf of himself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). DEFENDANT has a policy and practice of placing automated phone calls which

- 1 -

do not disclose DEFENDANT's identity, which are initial communications with consumers, and which do not disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because PLAINTIFF and DEFENDANT reside and/or do business in the District of Nevada. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person residing in Las Vegas, Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT was formed in New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 275 Northpointe Pkwy., Suite 80, Amherst, NY 14228.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about February 19, 2016, DEFENDANT placed an automated call to PLAINTIFF's phone number regarding collection of a consumer debt.

11. This communication did not identify that the call came from DEFENDANT.

12. This communication did not identify that the call came from a debt collector.

13. This communication did not identify that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

14. Upon information and belief, this was DEFENDANT's initial communication with PLAINTIFF.

15. The transcript of the communication is as follows:

> For the purposes of a required notice. If you can confirm the address, please call me at 855-226-7380. If you cannot, please call me and we will update our records appropriately. If we have inadvertently called your number, please call so we can update our records. If you want to speak to a representative now, press nine or call us back between 8:00 a.m. to 7:00 p.m., Monday through Thursday and 8:00 a.m. to 5:00 p.m. on Friday. Thank you. My name is Julie. The purpose of this call is to verify the correct address for . . . [automated voice] Scott Fiorenza J.R. [human voice] For the purposes of a required notice. If you can confirm the address, please call me at 855-226-7380. If you cannot, please call me and we will update our records appropriately. If we have inadvertently called your number, please call so we can update our records. If you want to speak to a representative now, press nine or call us back between 8:00 a.m. to 7:00 p.m., Monday through Thursday and 8:00 a.m. to 5:00 p.m. on Friday. Thank you.

## CLASS ACTION ALLEGATIONS

16. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 15 inclusive, above.

17. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

- 3 -

    a. Class Number One: A nationwide class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Received a phone communication from DEFENDANT;

        iii. Which failed to comply with 15 U.S.C. § 1692d(6) in that it did not identify DEFENDANT as the caller.

    b. Class Number Two: A nationwide class consisting of consumers who:

        iv. Within one year prior to the filing of this action;

        v. Received a phone communication from DEFENDANT;

        vi. Which was the initial communication from DEFENDANT;

        vii. Which failed to comply with 15 U.S.C. § 1692e(11) in that it did not identify that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

18. PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that each class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

19. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANT's actions violate 15 U.S.C. § 1692d(6), by not identifying DEFENDANT as the caller;

    b. Whether DEFENDANT's actions violate 15 U.S.C. § 1692e(11) by not identifying the fact that the debt collector is attempting to collect a debt and

that any information obtained will be used for that purpose;

c. The identities of individuals who received a phone communication from DEFENDANT violating the above subsections; and

d. The total number of communications made by DEFENDANT which violated the above subsections.

20. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

21. Upon information and belief, based on the automated nature of the phone call, DEFENDANT has a policy and practice of placing phone calls which do not disclose DEFENDANT's identity, which are initial communications with consumers, and which do not disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

22. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

23. PLAINTIFF is committed to vigorously pursuing his claims.

24. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of

inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

25. A class action regarding the issues in this case does not create any problems of manageability.

26. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(6)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER ONE**

27. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28. Debt collectors are prohibited from placing "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

29. On or about February 19, 2016, DEFENDANT communicated with PLAINTIFF by placing a phone call which contained an automated message.

30. This communication did not identify that the call came from DEFENDANT.

31. The transcript of the communication is as follows:

> For the purposes of a required notice. If you can confirm the address, please call me at 855-226-7380. If you cannot, please call me and we will update our records appropriately. If we have inadvertently called your number, please call so we can update our records. If you want to speak to a representative now, press nine or call us back between 8:00 a.m. to 7:00 p.m., Monday through Thursday and 8:00 a.m. to 5:00 p.m. on Friday. Thank you. My name is Julie. The purpose of this call is to verify the correct address for . . . [automated voice] Scott Fiorenza J.R. [human voice] For the purposes of a required notice. If you can confirm the address, please call me at 855-226-7380. If you cannot, please call me and we will update our records appropriately. If we have inadvertently called your number, please call so we can update our records. If you want to speak to a representative now, press nine or

- 6 -

call us back between 8:00 a.m. to 7:00 p.m., Monday through Thursday and 8:00 a.m. to 5:00 p.m. on Friday. Thank you.

32. By not identifying that the call came from DEFENDANT, DEFENDANT violated 15 U.S.C. § 1692d(6).

33. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

34. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(11) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER TWO

35. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 34 inclusive, above.

36. Debt collectors are required to disclose in the initial communication with the consumer "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

37. Debt collectors are required to disclose in any subsequent communication with the consumer "that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

38. On or about February 19, 2016, DEFENDANT communicated with PLAINTIFF by placing a phone call which contained an automated message.

39. The transcript of the communication is as follows:

For the purposes of a required notice. If you can confirm the address, please call me at 855-226-7380. If you cannot, please call me and we will update our records appropriately. If we have inadvertently called your number, please call so we can update our records. If you want to speak to a representative now, press nine or

- 7 -

call us back between 8:00 a.m. to 7:00 p.m., Monday through Thursday and 8:00 a.m. to 5:00 p.m. on Friday. Thank you. My name is Julie. The purpose of this call is to verify the correct address for . . . [automated voice] Scott Fiorenza J.R. [human voice] For the purposes of a required notice. If you can confirm the address, please call me at 855-226-7380. If you cannot, please call me and we will update our records appropriately. If we have inadvertently called your number, please call so we can update our records. If you want to speak to a representative now, press nine or call us back between 8:00 a.m. to 7:00 p.m., Monday through Thursday and 8:00 a.m. to 5:00 p.m. on Friday. Thank you.

40. Upon information and belief, this was DEFENDANT's initial communication with PLAINTIFF.

41. By not disclosing "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," DEFENDANT violated 15 U.S.C. § 1692e(11).

42. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

43. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

44. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the classes, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

- 8 -

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For disgorgement of all of DEFENDANT's revenues obtained from use of the offending automated phone calls;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 25th day of March 2016.

*/s/ Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Nevada Bar No. 10881
**GESUND & PAILET, LLC**
8668 Spring Mountain Rd
Suite 101
Las Vegas, NV 89117
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorney for Plaintiff*

- 9 -